# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANTWUAN ALLEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:18-CV-313 RLW |
| CITY OF ST. LOUIS, et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to proceed in forma pauperis. *See* 28 U.S.C. § 1915(b)(1). After reviewing plaintiff's motion, the Court will assess plaintiff an initial partial filing fee of $1.00. Additionally, after reviewing plaintiff's complaint, the Court will order plaintiff to show cause why this action should not be stayed and administratively closed pursuant to the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384 (2007), based on the underlying criminal proceedings against plaintiff that appear to arise under the same facts plaintiff alleges in his complaint.

## Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 asserting violations of his Fourth Amendment rights against illegal search and seizure. Plaintiff also claims he was falsely arrested and subject to false imprisonment on November 17, 2017, when St. Louis City Police Officers pulled him out of a Walgreens store, detained him and unlawfully searched his person.

Plaintiff claims in his complaint that two police officers detained him unlawfully, patted him down and unlawfully seized his person and falsely imprisoned him at the Medium Security

1

Institution in St. Louis City. He claims that they accused him of shoplifting at the Walgreens store he was shopping at. Plaintiff alleges that he was then taken to the St. Louis Medium Security Institution ("MSI") and held there for a period of time.[1]

Last, plaintiff claims that defendant police officers, Bryan Barton and Adam Garibay, as well as City of St. Louis, acted in a conspiracy to violate his rights, working with federal prosecutors to find him to be in violation of the law prohibiting felons in possession of a firearm.

## Discussion

In *Wallace v. Kato,* 549 U.S. 384 (2007), the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." *Wallace,* 549 U.S. at 397. The Court observed that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." *Id.* at 388. The Court instructed that where "a plaintiff files a false arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil

---

[1] The Court notes that at the time plaintiff was purportedly unlawfully seized by defendants, he had a warrant issued for his arrest in Jefferson County due to his failure to appear in a criminal case *State v. Allen*, No. 16JE-CR03271(23rd Judicial Circuit, Jefferson County Court). The warrant was issued on November 7, 2017. In that case, which is currently pending, plaintiff has been charged with resisting arrest and driving while revoked. Additionally, plaintiff currently has a federal charge of felon in possession of a firearm pending. *See United States v. Allen*, No. 4:18CR0002 SNLJ (E.D.Mo.).

2

action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

In this case, plaintiff asserts a claim for false arrest, as well as claims for illegal search and seizure of his person. In the complaint, plaintiff also alleges that he was illegally detained, that police had no probable cause to search him and that he was illegally imprisoned.

After careful consideration, the Court finds that plaintiff should show cause why this matter should not be stayed and administratively closed pursuant to the principles established in *Wallace v. Kato*.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall show cause within thirty (30) days from the date of this Memorandum and Order why this matter should not be stayed pursuant to the principles espoused in *Wallace v. Kato,* 549 U.S. 384 (2007), until the underlying state criminal proceedings brought against plaintiff are resolved.

Dated this 22nd day of August, 2018.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

3